IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ALVIN BUSH,                                    CASE NO.: 18-cv-156
         PLAINTIFF,

                                               CIVIL DIVISION
vs.

REVERSE MORTGAGE SOLUTIONS, INC.,
         DEFENDANT.
_____/

## COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AND FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

### INTRODUCTION

1.) This is an action for actual and statutory damages brought by Plaintiff, ALVIN BUSH, (hereinafter "Mr. Bush") an individual consumer, against Defendant, REVERSE MORTGAGE SOLUTIONS, INC. (hereinafter "Reverse Mortgage Solutions") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for violations of the Florida Consumer Collections Practice Act, section 559.551 *et seq.* (hereinafter "FCCPA").

### JURISDICTION

2.) Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202. Venue in this District is proper in that Reverse Mortgage Solutions engages in debt collection in this District, and the conduct complained of occurred in this District.

## PARTIES

3.) Plaintiffs ALVIN BUSH, is a natural person residing in Tallahassee, Leon County, Florida.

4.) Defendant, REVERSE MORTGAGE SOLUTIONS, INC, is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located at 14405 WALTERS ROAD SUITE 110, 200, 300, 400 AND 500, HOUSTON, TX 77014. The principal purpose of Reverse Mortgage Solutions is the collection of debts in this state and Reverse Mortgage Solutions regularly attempts to collect debts alleged to be due another.

5.) Reverse Mortgage Solutions is engaged in the collection of debts from consumers using the mail and telephone. Reverse Mortgage Solutions regularly attempts to collect consumer debts alleged to be due to another and/or purchase debts after default for the purpose of collection. Reverse Mortgage Solutions is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6) and by the FCCPA, Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

6.) On September 25, 2008, Mr. Bush entered into a reverse mortgage agreement with World Alliance Corporation (See copy attached to Exhibit A).

7.) On or about March 13, 2012, Reverse Mortgage Solutions, acting as a debt collector, filed an action seeking foreclosure of a reverse mortgage against Mr. Bush in the Florida State Circuit Court for Gadsden County, Florida, case 12000195CAA (Exhibit A). The basis of the foreclosure action was an allegation that Mr. Bush had failed to maintain insurance on the property.

8.) On May 6, 2015, following a trail, the trial Court entered an involuntary dismissal in favor of Mr. Bush in that action (Exhibit B). As the prevailing party in that lawsuit Mr. Bush recovered his attorney fees in the amount of $12,500.00.

9.) On June 21, 2016 Mr. Bush acting through is attorney, filed a satisfaction of his claim for attorney fees in the Gadsden County Circuit Court (Exhibit C)

10.) The property subject to the reverse mortgage is Mr. Bush's home and residence.

11.) On or about June 6, 2017 Reverse Mortgage Solutions sent a letter (Exhibit D) to Mr. Bush informing him that they were accelerating the balance due on the reverse mortgage based upon a lapse in insurance coverage. The

accelerated balance claimed in the letter was $130,438.41 and sought to collect that balance as an option for Mr. Bush to avoid foreclosure.

12.) The June 6, 2017 letter (Exhibit D) that Reverse Mortgage Solutions sent to Mr. Bush states that it is a communication from a "debt collector"

13.) On January 25, 2018, Reverse Mortgage Solutions created a loan transaction detail (Exhibit E) that shows that Reverse Mortgage Solutions added to the balance of the loan account its costs and attorney fees incurred in the prior foreclosure case, along with the fees that they paid to Mr. Bush's attorney as prevailing party (See Exhibit E entry on September 26, 2016 in the amount of $12,500). The loan transaction detail also includes costs for items such as monthly "property inspections" that were part of the prior foreclosure action. As the losing party of the prior foreclosure, Reverse Mortgage Solution was not entitled to recover the costs and fees associated with the prior foreclosure action from Mr. Bush.

14.) The Plaintiffs have hired the undersigned attorney to represent them in this matter and are obligated to pay him a reasonable attorney fee for his services.

<u>First Claim</u>

<u>1, Violation of FDCPA</u>

15.)Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirteen above.

16.) Upon information and belief, based upon the pleadings contained in a Second Foreclosure action filed by Reverse Mortgage Solutions in Gadsden County Circuit Court case 17000582CAA, the "Secretary of Housing and Urban Development approved this occurrence as grounds for acceleration of the debt on or about September 29, 2011" which means that the alleged breach occurred more than 5 years prior to this lawsuit and prior to Reverse Mortgage Solutions taking any assignment of this loan and mortgage either as holder or servicer.

17.) Upon information and belief, Reverse Mortgage Solutions does not engage in the business of extending credit to consumer borrowers.

18.) At all times pertinent to this action, Reverse Mortgage Solutions has acted to collect a debt that was owed to another or that it had taken assignment of after default for the purpose of collection.

19.) Reverse Mortgage Solutions violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Reverse Mortgage Solutions violated 15 U.S.C. § 1692f by sending an acceleration notice (Exhibit D) to the Mr. Bush that in the payoff amount included costs and fees associated with the prior lawsuit in

which Mr. Bush prevailed these costs and fees include, but are not
limited to:

    i.  Attorney fees and costs recovered by Mr. Bush's counsel;

    ii.  Attorney fees incurred by Reverse Mortgage Solutions;

    iii.  Property preservation fees for items such as inspections.

b.  Reverse Mortgage Solutions violated 15 U.S.C. § 1692e (2)(A) by
sending written correspondence (Exhibit D) after entry of a
foreclosure judgment in favor of Mr. Bush seeking to recover fees,
costs, and property preservation fees associated with that litigation.

c.  Reverse Mortgage Solutions violated 15 U.S.C. § 1692e (2)(A) by and
sending an acceleration letter (Exhibit D) to Mr. Bush that falsely
represented the amount owed.

d.  Reverse Mortgage Solutions was aware that Mr. Bush was
represented by an attorney with regard to any debt associated with the
prior foreclosure lawsuit.  Reverse Mortgage Solutions violated 15
U.S.C. § 1692c(a)(2) by sending him communication (Exhibit D) in
which it sought to collect an accelerated balance that included the
attorney fees and costs related to the prior foreclosure lawsuit.

e.  Reverse Mortgage Solutions violated 15 U.S.C. § 1692g (a) by and
failing to send to the Plaintiff a notice containing the information

required pursuant to 15 U.S.C. § 1692g (a) within 5 days of the initial

communication from the Plaintiff.

20.)As a result of the above violations of the FDCPA, Reverse Mortgage

Solutions is liable to the Plaintiffs for declaratory judgment that Reverse

Mortgage Solutions's conduct violated the FDCPA, and Plaintiffs' actual

damages, statutory damages, and costs and attorney's fees.

Second Claim

Violation of FCCPA

21.) Plaintiff repeats and re-alleges and incorporates by reference paragraphs

one through thirteen above.

22.) Reverse Mortgage Solutions violated the FCCPA. Reverse Mortgage

Solutions's violations of the state Act include, but are not limited to, the

following:

a. Reverse Mortgage Solutions violated section 559.72(9) Florida

Statutes by claiming a right to add its attorney fees, the attorney fees

paid to Mr. Bush's counsel, and the costs of a prior foreclosure in

which Mr. Bush was the prevailing party.

b. Reverse Mortgage Solutions violated section 559.72(18) Florida

Statutes by sending communication (Exhibit D) to Mr. Bush

seeking recovery of costs and fees incurred in the prior foreclosure

when

Reverse Mortgage Solutions knew that Mr. Bush was represented by an attorney in that matter.

23.) Reverse Mortgage Solutions's acts as described above were done intentionally with the purpose of coercing Mr. Bush to pay the alleged debt.

24.) As a result of the above violations of the State Act, Reverse Mortgage Solutions is liable to Mr. Bush the for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Mr. Bush respectfully prays that judgment be entered against the Reverse Mortgage Solutions in their favor for the following:

a.) Declaratory judgment that Reverse Mortgage Solutions conduct violated the FDCPA, and FCCPA, and injunctive relief for the Reverse Mortgage Solutions violations of the FDCPA and FCCPA.

b.) Actual damages.

c.) Statutory damages pursuant to 15 U.S.C. § 1692k.

d.) Statutory damages pursuant to section 559.77(2) Florida Statutes.

e.) Punitive damages as determined by the Court pursuant to section 559.77(2) Florida Statutes.

f.) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and

section 559.77(2) Florida Statutes.

h.) For such other and further relief as may be just and proper.


/s/David H. Abrams
David H. Abrams, Esq.
Attorney for the Plaintiff
Fla. Bar No.: 0692484
P.O. Box 3298
Tallahassee, Florida 32315
(850) 224-7653 Telephone
(850) 222-0206 Facsimile

EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN
AND FOR GADSDEN COUNTY, FLORIDA.  CIVIL DIVISION

CASE NO. 12000195CAA

REVERSE MORTGAGE SOLUTIONS INC.,

       Plaintiff,

vs.

ALVIN BUSH; et al

       Defendants.

_____/

### SUMMONS
### PERSONAL SERVICE ON AN INDIVIDUAL
### IMPORTANT

TO DEFENDANT(S):
ALVIN BUSH

219 BROAD AVENUE
GRETNA, FL 32332

       A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

       If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/"plaintiff's Attorney" named below.

Plaintiff's Attorney

       Tanya D. Simpson
       Smith, Hiatt & Diaz, P.A.
       PO BOX 11438
       Fort Lauderdale, FL 33339-1438

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:

       YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON 3\13\12 .

       NICHOLAS THOMAS
       CLERK OF THE CIRCUIT COURT

(SEAL)

       By: _____
       Deputy Clerk

1457-119099

**In accordance with the Americans with Disabilities Act of 1990, persons needing special accommodation to participate in this proceeding should contact the Clerk of the Court not later than five business days prior to the proceeding at the Gadsen County Courthouse. Telephone 850-875-8601 or 1-800-955-8770 via Florida Relay Service.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autre obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff's Attorney

Tanya D. Simpson
Smith, Hiatt & Diaz, P.A.
PO BOX 11438
Fort Lauderdale, FL 33339-1438

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR
GADSDEN COUNTY, FLORIDA.  CIVIL DIVISION

CASE NO. 12000195CAA

REVERSE MORTGAGE SOLUTIONS INC.,

      Plaintiff,

vs.

ALVIN BUSH; NERIA BELL BUSH; UNITED STATES OF AMERICA ON
BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT;
UNKNOWN TENANT NO. 1; UNKNOWN TENANT NO. 2; and ALL UNKNOWN
PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER OR AGAINST A
NAMED DEFENDANT TO THIS ACTION, OR HAVING OR CLAIMING TO
HAVE ANY RIGHT, TITLE OR INTEREST IN THE PROPERTY HEREIN
DESCRIBED,

      Defendants.

_____/

### NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN that suit was instituted in the above styled on March 13, 2012, by the above

styled Plaintiff against the above styled Defendants.  The purpose of the suit is to foreclose a certain mortgage upon the following property:

LOT 3, BLOCK 44, ACCORDING TO THE MAP OR PLAT OF GRETNA, AS RECORDED IN PLAT
BOOK 1, PAGE 18, OF THE PUBLIC RECORDS OF GADSDEN COUNTY, FLORIDA.

All persons are therefore warned and advised of the pendency of this suit.

          SMITH, HIATT & DIAZ, P.A.
          Attorneys for Plaintiff
          PO BOX 11438
          Fort Lauderdale, FL  33339-1438
          Telephone: (954) 564-0071

By:

          Tanya D. Simpson
          Florida Bar No. 36523

1457-119099

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR GADSDEN
COUNTY, FLORIDA.   CIVIL DIVISION

CASE NO. 12000195CAA

REVERSE MORTGAGE SOLUTIONS INC.,

      Plaintiff,

vs.

ALVIN BUSH; NERIA BELL BUSH; UNITED
STATES OF AMERICA ON BEHALF OF THE
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT;  UNKNOWN TENANT NO. 1;
UNKNOWN TENANT NO. 2; and ALL UNKNOWN
PARTIES CLAIMING INTERESTS BY, THROUGH,
UNDER OR AGAINST A NAMED DEFENDANT TO
THIS ACTION, OR HAVING OR CLAIMING TO
HAVE ANY RIGHT, TITLE OR INTEREST IN THE
PROPERTY HEREIN DESCRIBED,

      Defendants.

_____/

## COMPLAINT

      The Plaintiff, REVERSE MORTGAGE SOLUTIONS INC., sues the Defendants,

ALVIN BUSH; NERIA BELL BUSH; UNITED STATES OF AMERICA ON BEHALF OF THE

SECRETARY OF HOUSING AND URBAN DEVELOPMENT; UNKNOWN TENANT NO. 1;

UNKNOWN TENANT NO. 2; and ALL UNKNOWN PARTIES CLAIMING INTERESTS BY,

THROUGH, UNDER OR AGAINST A NAMED DEFENDANT TO THIS ACTION, OR

HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE OR INTEREST IN THE PROPERTY

HEREIN DESCRIBED, and alleges:

1

## GENERAL ALLEGATIONS

1.    JURISDICTION: This is an action for equitable relief or, alternatively, for damages, which claims are within the subject matter jurisdiction of this Court.

2.    VENUE: This is an action that involves parties and property located within the venue of this Court and venue is otherwise proper pursuant to Chapter 47, Florida Statutes.

3.    PARTIES: All parties to this action are properly before this Court, and this Court has personal jurisdiction over the parties. Plaintiff, its successors and assigns, is the holder of the mortgage and has the right to exercise any and all interests of the mortgage, including but not limited to, the right to foreclose the subject property.

4.    PLAINTIFF ENTITLED TO ENFORCEMENT: Fannie Mae A/K/A Federal National Mortgage Association (FNMA) is the owner of the note. Plaintiff is the servicing agent for FNMA. Plaintiff, as servicing agent for the owner of the note, is the holder of the note and is entitled to enforce the instruments in accordance with F.S.A. §673.3011 and Fla. R. Civ. Pro. 1.210(a). Based on the foregoing statute and rule, FNMA is not a necessary party to this action.

5.    CONDITIONS PRECEDENT: All conditions precedent to the filing of this action have been met by Plaintiff.

6.    FDCPA: Defendant(s) are hereby provided with verification notice pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C.A. 1692. If the Defendant(s) request verification of the debt, Plaintiff shall suspend its efforts to collect the debt until Plaintiff mails the requested information to the Defendant(s) requesting the verification.

## MORTGAGE FORECLOSURE

7.      FORECLOSURE ACTION: This is an action to foreclose a mortgage on real property (hereinafter the "property") in Gadsden County, Florida, more particularly described in the mortgage attached hereto as Exhibit "A".

8.      EXECUTION AND DELIVERY OF NOTE & MORTGAGE:  On September 25, 2008, Defendant(s), ALVIN BUSH AND NERIA BELL BUSH executed and delivered a promissory note (the "note") and Defendant(s), ALVIN BUSH AND NERIA BELL BUSH executed and delivered a mortgage (the "mortgage"), which secures payment of the note, to WORLD ALLIANCE FINANCIAL CORP., which mortgage was recorded in Official Records Book 703 Page 1396, of the public records of Gadsden County, Florida, and which mortgaged the property. The property was then owned by and in possession of the mortgagor.

9.      HOLDER OF THE NOTE & MORTGAGE: The note and mortgage were subsequently transferred to Plaintiff as servicing agent for the owner, its successors and assigns. Federal National Mortgage Association is the owner of the note. Plaintiff is the servicer of the loan and is the holder of the note and mortgage. Federal National Mortgage Association has authorized Plaintiff to bring this action.

10.     OWNER OF THE PROPERTY:  The Defendant(s) Alvin Bush and Neria Bell Bush, own(s) the property.

11.     PAYMENT TERMS:  Plaintiff, under the terms of the mortgage, together with the note, agreed to make monthly payments to ALVIN BUSH AND NERIA BELL BUSH until such time as the loan matured, or until the death of ALVIN BUSH AND NERIA BELL BUSH.

12.     ENTITLEMENT TO ACCELERATE:  Pursuant to the terms of the mortgage the holder of the note and mortgage may require immediate payment in full or all sums secured by the mortgage if:

3

(1)  a borrower dies and the Property is not the principal residence of at least one surviving borrower; or

(2)  all of a borrower's title in the property (or his or her beneficial interest) in a trust owning all or part of the property) is sold or otherwise transferred and no other borrower retains (a) a title to the property in fee simple (b) leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest borrower (or retaining a beneficial interest in a trust with such an interest in the property), or (c) a life estate in the property; or

(3)  the property ceases to be the principal residence of a borrower for reasons other than death and the property is not the principal residence of at least one other borrower; or

(4)  for a period of longer than twelve (12) consecutive months, a borrower fails to physically occupy the property because of physical or mental illness and the property is not the principal residence of at least one other borrower; or

(5)  an obligation of the borrower under the mortgage is not performed.

13.    DEFAULT & ACCELERATION:  Defendant(s), ALVIN BUSH AND NERIA BELL BUSH, failed to perform an obligation under the mortgage, to wit Defendant(s), ALVIN BUSH AND NERIA BELL BUSH, failed to maintain current insurance on the Property as obligated under the mortgage.  Plaintiff declares the full amount due under the note and mortgage to be accelerated.

14.    AMOUNTS DUE:  Plaintiff as Servicer is owed $85,338.27 that is due as principal on the note and mortgage, interest from  September 29, 2011, costs, advances and expenses as provided in the note and mortgage.

4

15.    ATTORNEYS FEES:  Plaintiff has obligated itself to pay the undersigned attorneys a reasonable fee for their services herein and is entitled to recover said fees pursuant to the terms of the note and mortgage.

INFERIOR CLAIMANTS:

16.    Defendant(s), UNITED STATES OF AMERICA ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,  may claim some interest in or lien upon the subject property arising from a **mortgage**, recorded in Official Records Book 703 Page 1408, of the public records of Gadsden County, Florida, which mortgage is inferior to Plaintiff's mortgage.

17.    Defendants,   UNKNOWN TENANT NO. 1 and UNKNOWN TENANT NO. 2, fictitious names representing tenants in possession, may claim some interest in the property that is the subject of this foreclosure action by virtue of being in **actual possession** of same, but any interest said Defendant(s) may claim in the subject property , if any, is subject and inferior to the lien of Plaintiff's mortgage.

18.    Defendants, ALL UNKNOWN PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER OR AGAINST A NAMED DEFENDANT TO THIS ACTION, OR HAVING OR CLAIMING TO HAVE ANY RIGHT, TITLE OR INTEREST IN THE PROPERTY HEREIN DESCRIBED, may be interested in the subject matter of this action as unknown spouses, tenants, heirs, devisees, grantees, assignees, lienors, creditors, trustees or other claimants by through, under or against a known person who is dead or not known to be dead or alive or by virtue of any interest in or claim to the property which is the subject of this action or otherwise as the case may be. These interests, if any, are inferior to Plaintiff's mortgage.

5

WHEREFORE, Plaintiff prays as follows:

a)  That this Court will take jurisdiction of this cause, of the subject matter and the parties hereto.

b)  That this Court ascertain and determine the sums of money due and payable to the Plaintiff from the Defendants.

c)  That the sum of money found to be due as aforesaid be decreed by this Court to be a lien upon the lands described in Plaintiff's mortgage.

d)  That such lien be foreclosed in accordance with the rules and established practice of this Court, and upon failure of the Defendants to pay the amount of money found to be due by them to the Plaintiff, the said land be sold to satisfy said lien.

e)  That this Court decree that the lien of the Plaintiff is superior to any and all right, title or interest of the Defendants herein or any person or parties claiming by, through or under them since the institution of this suit.

f)  That all right, title or interest of the Defendants or any person claiming by, through or under them be forever barred and foreclosed.

6

g) That this Court grant general relief in this cause as in its discretion might be meet and

just.

> SMITH, HIATT & DIAZ, P.A.
> Attorneys for Plaintiff
> PO BOX 11438
> Fort Lauderdale, FL 33339-1438
> Telephone: (954) 564-0071
> Facsimile: (954) 564-9252

By:

Tanya D. Simpson
Florida Bar No.: 36523

## **VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Reverse Mortgage Solutions Inc.

By:

Name: Debbie Sims

As the: VP

For:   Reverse Mortgage Solutions, Inc.

Date:  Feb 21, 2012

1457-119099 / SAS

7

## FAIR DEBT COLLECTION PRACTICES ACT VALIDATION

Re:     Creditor: Reverse Mortgage Solutions Inc.
        Date: March 12, 2012
        Promissory Note and Mortgage dated: September 25, 2008

Debt Owed: As of the date of this verification, you owe $88,027.02. Because of interest, late charges, attorneys' fees and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call collect (954)-564-0071.

This communication is from a debt collector and this is an attempt to collect a debt owed and any information obtained will be used for that purpose.

Unless you dispute this debt, or any portion of it, within thirty (30) days after you receive this notice, the undersigned law firm will assume that said debt is valid.

If you notify the undersigned attorney in writing within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney will obtain written verification of the debt and mail it to you.

If the above creditor is not your original creditor and you submit a request within the thirty (30) day period for the name and address of the original creditor, we will supply such information to you.

Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your validation rights, as set forth in this notice, shall not expire for the thirty (30) days.

If you do dispute this debt in writing in the thirty (30) day period, we will suspend collection until we send you verification.

SMITH, HIATT & DIAZ, P.A.
Attorneys for Plaintiff
PO BOX 11438
Fort Lauderdale, FL  33339-1438
Telephone: (954) 564-0071
Facsimile:  (954) 564-9252

**EXHIBIT "A"**

When Recorded Return To:
World Alliance Financial Corp.
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 3000017077
Effective Date: 04/01/2010

OFFICIAL RECORDS          100003740
BK 730  PG 989
Record Fee:  10.00

FILE # 100003740  RCD:04/30/2010 @ 11:58 AM
Nicholas Thomas, Clerk Circuit Court Gadsden Co

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, World Alliance Financial Corp., WHOSE ADDRESS IS 3 HUNTINGTON QUADRANGLE SUITE 201N, MELVILLE, NY 11747, (ASSIGNOR),, by these presents does convey, grant, sell, assign, transfer and set over the described mortgage together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to RESIDENTIAL MORTGAGE SERVICES, INC., WHOSE ADDRESS IS 2727 Spring Creek Drive, Spring, TX 77373, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE). Said Mortgage was made by ALVIN BUSH AND NERIA BELL BUSH and was recorded in Official Records of the Clerk of the Circuit Court of GADSDEN County, Florida, in Book 703, Page 1396 or Instr # 080012170
upon the property situated in said State and County as more fully described in said mortgage.

Dated: 04/09/2010
World Alliance Financial Corp.

By:_____
   Jennifer Fellows   VICE PRESIDENT
Whose address is: 3 HUNTINGTON QUADRANGLE, SUITE 201N MELVILLE, NY 11747

Witnesses:

_____          _____
Daniel Nordmark                    Jasmin Napier

STATE OF FLORIDA
COUNTY OF PINELLAS
I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgement appeared Jennifer Fellows, personally known to me to be the VICE PRESIDENT of World Alliance Financial Corp., a corporation, and that she/he acknowledged executing the same freely and voluntarily under authority duly vested in him/her by said corporation. WITNESS my hand and official seal in the County and State last aforesaid this 09th day of April in the year 2010

_____
Bobbie Jo Stoldt   Notary Public
My commission expires:11/06/2011

Bobbie Jo Stoldt
Notary Public, State of Florida
Commission # DD 731909
Expires November 06, 2011

Document Prepared By: Jessica Fretwell/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

WAFMA 11697382 FNMA.WAFMA CJ2504870 form5/FRMFL1

*11697382*

When Recorded Return To:
World Alliance Financial Corp.
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 3000017077X
Effective Date: 04/01/2010

OFFICIAL RECORDS          100006671
BK 734  PG 1499
Record Fee:  10.00

FILE # 100006671  RCD:08/04/2010 @ 10:14  AM
Nicholas Thomas, Clerk Circuit Court Gadsden Co.

## ASSIGNMENT OF MORTGAGE

CORRECTIVE ASSIGNMENT TO CORRECT TYPO IN THE ASSIGNEE VERBIAGE. ORIGINALLY
RECORDED 04/30/2010 BOOK 730 PAGE 989

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the
undersigned, World Alliance Financial Corp., WHOSE ADDRESS IS 3 HUNTINGTON QUADRANGLE
SUITE 201N, MELVILLE, NY 11747, (ASSIGNOR),, by these presents does convey, grant, sell, assign,
transfer and set over the described mortgage together with the certain note(s) described therein together with all
interest secured thereby, all liens, and any rights due or to become due thereon to REVERSE MORTGAGE
SOLUTIONS, INC., WHOSE ADDRESS IS 2727 Spring Creek Drive, Spring, TX 77373, ITS
SUCCESSORS OR ASSIGNS, (ASSIGNEE).  Said Mortgage was made by ALVIN BUSH AND NERIA
BELL BUSH and was recorded in Official Records of the Clerk of the Circuit Court of GADSDEN County,
Florida, in Book 703, Page 1396 or Instr # 080012170

upon the property situated in said State and County as more fully described in said mortgage.

Dated: 07/11/2010
World Alliance Financial Corp.

By:
CRYSTAL MOORE    VICE PRESIDENT
Whose address is: 3 HUNTINGTON QUADRANGLE, SUITE 201N MELVILLE, NY 11747

Witnesses:

ALEXANDRA KANE                    DHURATA DOKO

STATE OF FLORIDA
COUNTY OF PINELLAS
I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to
take acknowledgement appeared CRYSTAL MOORE, personally known to me to be the VICE PRESIDENT of
World Alliance Financial Corp., a corporation, and that she/he acknowledged executing the same freely and
voluntarily under authority duly vested in him/her by said corporation. WITNESS my hand and official seal in the
County and State last aforesaid this 11th day of July in the year 2010 .

CHRISTOPHER JONES    Notary Public
My commission expires:08/03/2012

> Christopher Jones
> Notary Public, State of Florida
> Commission # DD 811078
> Expires August 03, 2012
> Bonded Through National Notary Assn.

Document Prepared By: Jessica Fretwell/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

WAFMA 12128031 -- FNMA.CORRECTIVE CJ2630226 form5/FRMFL1

*12128031*

1457-11909q

15939

FHA Case No. 091-4338466-952
Loan No. ████████

## ADJUSTABLE-RATE NOTE
## HOME EQUITY CONVERSION
(LIBOR One-Month Index (As Published in The Wall Street Journal)-Rate Caps)

State of Florida

Date:    September 25, 2008
Property Address: 219 BROAD AVENUE, GRETNA, FL 32332

Borrower's Post Office Address (if different from above):

1.  **DEFINITIONS**
    "Borrower" means each person signing at the end of this Note. "Lender" means  World Alliance Financial Corp and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

2.  **BORROWER'S PROMISE TO PAY; INTEREST**
    In return for amounts to be advanced by Lender to or for the benefit of Borrower, including future advances up to a maximum principal amount of $165,000.00, under the terms of a Home Equity Conversion Loan Agreement dated September 25, 2008 ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not paid earlier, are due and payable on April 30, 2089. Interest will be charged on unpaid principal at the rate of  FOUR AND 440/1000 percent (4.440%) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

3.  **PROMISE TO PAY SECURED**
    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4.  **MANNER OF PAYMENT**
    (A)  Time
         Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 7 of this Note.

    (B)  Place
         Payment shall be made at:  World Alliance Financial Corp., 3 Huntington Quadrangle, Suite 201N, Melville, NY 11747 or any such other place as Lender may designate in writing by notice to Borrower.

    (C)  Limitation of Liability
         Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

5.  **INTEREST RATE CHANGES**
    (A)  Change Date
         The interest rate may change on the first day of December, 2008, and on [ ] that day of each succeeding year [X] the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.

    (B)  The Index
         Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the Interbank offered rates for one month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. "Current Index" means the most recent Index figure available 30 days before the Change Date, and if the day that is 30 days before the Change Date is not a Sunday or Monday and not the first business day of the week, the Index will be the Index as published the first business day of that week. If the day that is 30 days before the Change Date is a Sunday or Monday and not the first business day of the week, the Current Index will be the Index as published the first business day of the immediately prior week.. If the Index (as defined above) is no longer available, Lender will use as a new Index any Index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

    (C)  Calculation of Interest Rate Changes

Mortgage Cadence, Inc. © - 0335 (07/07)                    (page 1 of 4 pages)                    Florida Adjustable-Rate HECM Note

Before each Change Date, Lender will calculate a new interest rate by adding a margin of   ONE AND 250/1000 percentage points (1.250%) to the current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.

**(D)   Limits on Interest Rate Changes**
[ ]  The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.
[X]  The interest rate will never increase above  FOURTEEN AND 448/1000 percent (14.448%).

**(E)   Notice of Changes**
Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

**(F)   Effective Date of Changes**
A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

**6.    BORROWER'S RIGHT TO PREPAY**
A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

First, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the principal balance representing aggregate payments for servicing fees;

Third, to that portion of the principal balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments on an existing line of credit or create a new line of credit.

**7.    IMMEDIATE PAYMENT-IN-FULL**
**(A)   Death or Sale**
Lender may require immediate payment-in-full of all outstanding principal and accrued interest if:

(i)    A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii)   A Borrower conveys all of his or her title to the Property and no other Borrower retains title to the Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a).

**(B)   Other Grounds**
Lender may require immediate payment-in-full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i)    The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii)   For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii)  An obligation of the Borrower under the Security Instrument is not performed.

**(C)   Payment of Costs and Expenses**
If Lender has required immediate payment-in-full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.



Mortgage Cadence, Inc. © - 0325 (07/07)

(page 2 of 4 pages)

Florida Adjustable-Rate HECM Note

(D) **Trusts**
Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

8. **WAIVERS**
Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

9. **GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at an different address if Borrower is given a notice of that different address.

10. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

11. **RELATIONSHIP TO SECOND NOTE**
(A) **Second Note**
Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

(B) **Relationship of Secretary Payments to this Note**
Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

(C) **Effect on Borrower**
Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii) Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

12. **SHARED APPRECIATION (If Applicable)**
If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.

The state documentary tax due on this Note has been paid on the mortgage securing the indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Date: 9/25/08

_____ (Seal)
Borrower- ALVIN BUSH

_____ (Seal)
Borrower- NERIA BELL BUSH

QUANTARA L. CLARKE
Notary Public - State of Florida
My Commission Expires Jun 30, 2012
Commission # DD 795025

Mortgage Cadence, Inc. © - 0355 (07/07)

(page 3 of 4 pages)

Florida Adjustable-Rate HECM Note



Mortgage Cadence, Inc. © - 6535 (07/07)

(page 4 of 4 pages)



Florida Adjustable-Rate MECM Note

# ALLONGE TO NOTE

**LOAN NUMBER:**               ▇▇▇▇▇▇▇

**FHA CASE NUMBER:**        091-4328446-952

**BORROWER(S):**               ALVIN BUSH
                                        NERIA BELL BUSH

**PROPERTY ADDRESS:**     219 BROAD AVENUE
                                        GRETNA, FL 32332

**NOTE/LOAN AMOUNT**   $ 165,000.00

**NOTE/LOAN DATE:**         9/25/2008

**Pay to the order of
without Recourse**

World Alliance Financial Corp.

_____

**By: David Peskin
Chief Executive Officer**

OFFICIAL RECORDS        080012170
BK 703  PG 1396

Record Fee:   103.50
DOC STAMPS  577.50

INTANGIBLE TAX  330.00

FILE # 080012170  RCD:10/29/2008 @ 9:22 AM
Nicholas Thomas, Clerk Circuit Court Gadsden Co

After Recording Return To:
    Enterprise Services LLC
3 Huntington Quadrangle- 405N   ≈ 201N
    Melville, NY 11747

This Document Prepared By:
World Alliance Financial Corp.
3 Huntington Quadrangle, Suite 201N
Melville, NY 11747

_____
Space Above This Line For Recording Data

State of Florida                              FHA Case Number: 091-4328446-952
Parcel ID: 2-32-3N-4W-0430-00044-0030                  Loan Number: 3000017077

## ADJUSTABLE RATE
## HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **September 25, 2008** ("Date"). The mortgagor is: **ALVIN BUSH AND NERIA BELL BUSH, HUSBAND and WIFE** whose address is: **219 BROAD AVENUE, GRETNA, FL 32332** ("Borrower"). This Security Instrument is given to: **World Alliance Financial Corp** which is organized and existing under the laws of **THE STATE OF NEW YORK**, and whose address is: **3 Huntington Quadrangle, Suite 201N, Melville, NY 11747** ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of **ONE HUNDRED SIXTY FIVE THOUSAND AND NO/100** (U.S. **$165,000.00**); (b) the payment of all other sums, with interest, advanced under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on **April 30, 2089**. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in GADSDEN County, Florida:

**See Legal Description Attached**

which has the address of: **219 BROAD AVENUE, GRETNA, FL 32332** ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,

Mortgage Cadence, Inc. © 0210 (07/07)        (1 of 11)        Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS          080012170
BK 703  PG 1397

rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.   **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2.   **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

3.   **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

     In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

     In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in

Mortgage Cadence, Inc. © 0210 (07/07)            (2 of 11)            Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS        080012170
BK 703  PG 1398

force shall pass to the purchaser.

4.  **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal Residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5.  **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6.  **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

Mortgage Cadence, Inc. © 0216 (07/07)            (3 of 11)            Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS
BK 703   PG 1399

080012170

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Due and Payable.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument if:

       (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

       (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate, (or retaining a beneficial interest in a trust with such an interest in the Property).

   (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

       (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

       (ii) For a period of longer than 12 consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

       (iii) An obligation of the Borrower under this Security Instrument is not performed.

   (c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph 9 (a)(ii) and (b) occur.

   (d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had 30 days after notice to either:

       (i) Correct the matter which resulted in the Security Instrument coming due and payable; or

       (ii) Pay the balance in full; or

Mortgage Cadence, Inc. © 0210 (07/07)                    (4 of 11)                    Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS          080012170
BK 703   PG 1400

    (iii)   Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

    (iv)   Provide the Lender with a deed-in-lieu of foreclosure.

  (e)  **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

  (f)  **Mortgage Not Insured.** [Optional] Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment-in-full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10.  **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11.  **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment-in-full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment-in-full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment-in-full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

12.  **Lien Status.**

  (a)  **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated



Mortgage Cadence, Inc. © 0210 (07/07)

(5 of 11)

Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS    080012170
BK 703  PG 1401

or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b)  **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c)  · **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one more of the actions set forth above within 10 days of the giving of notice.

13.  **Relationship to Second Security Instrument.**

(a)  **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

(b)  **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

(i)   This Security Instrument is assigned to the Secretary; or

(ii)  The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

(c)  **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

OFFICIAL RECORDS
BK 703   PG 1402

080012170

(i).  Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note; or

(ii)  Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

(d)  **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14.  **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15.  **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17.  **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

19.  **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or

Mortgage Cadence, Inc. © 0210 (07/07)          (7 of 11)          Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS      080012170
BK 703   PG 1403

agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower:  (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20.   **Foreclosure Procedure. If Lender requires immediate payment-in-full under Paragraph 9, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

21.   **Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

22.   **Adjustable Rate Feature.** Under the Note, the initial stated interest rate of **4.440%** which accrues on the principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the interbank offered rates for one month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published on the first business day of each week in the "Money Rates" section of *The Wall Street Journal*("Index") plus a margin. If the Index is no longer available, Lender will use as a new Index any Index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

Lender will perform the calculations described below to determine the new adjusted interest rate. The interest rate may change on the first day of December, 2008, and on [ ] that day of each succeeding year [X] the first day of each succeeding month ("Change Date") until the loan is paid in full.



Mortgage Cadence, Inc. © 0210 (07/07)          (8 of 11)          Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS    080012170
BK 703  PG 1406

[Space Below This Line For Acknowledgment]

State of Florida
                  ss.:
County __Gadsden__

The foregoing instrument was acknowledged before me this _25_ day of _September_ 20_08_,
by __Alvin Bush and Nena Helms Bush__

who is personally known to me or who has produced _Drivel license/ID_ as identification.

__Quantara Clarke__
(Signature of person taking acknowledgement)

__Quantaral Clarke__
(Name typed printed or stamped)

__Notary__
(Title or Rank)

__DD795026__
(Serial Number if any)

My Commission expires : __6/30/2012__


QUANTARA L. CLARKE
Notary Public - State of Florida
My Commission Expires Jun 30, 2012
Commission # DD 795026

Mortgage Cadence, Inc. © 0250 (07/07)        (11 of 11)        Florida Mortgage HECM ADJUSTABLE RATE

OFFICIAL RECORDS         080012170
BK 703  PG 1497

COMMITMENT FOR TITLE INSURANCE
SCHEDULE C

Commitment No.: 2618914
File No.: CW-13396-FLGD

The land referred to in this Commitment is described as follows:

Lot 3 in Block 44, according to a map or plat of Gretna, as recorded in Plat Book 1, Page 18 of the Public
Records of Gadsden County, Florida.

Commitment
Schedule C

(CW-13396-FLGD.PFD/CW-13396-FLGD/6)

OFFICIAL RECORDS: 1 of 2
Book: 822 Page: 540

Filing # 46247573 E-Filed 09/09/2016 12:17:23 PM

GADSDEN COUNTY NICHOLAS THOMAS
Instrument: 160006304  Recorded: 09/09/2016 2:13 PM

# EXHIBIT B

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT IN AND FOR GADSDEN
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 12000195CAA

REVERSE MORTGAGE SOLUTIONS, INC.,
     Plaintiff,

vs.

ALVIN BUSH, et al.
     Defendant(s).

_____/

## ORDER ON PLAINTIFFS MOTION FOR ADJUDICATION ON THE MERITS

THIS CAUSE having come before the Court on PLAINTIFFS MOTION FOR
ADJUDICATION ON THE MERITS and the Court having heard argument of counsel, or being
otherwise advised in the premises, it is hereby,

ORDERED AND ADJUDGED:

1.    The PLAINTIFFS MOTION FOR ADJUDICATION ON THE MERITS be and
the same is hereby GRANTED.

2.    Pursuant to this Court's ruling at the Non-Jury Trial held on May 6, 2016,
Defendant's Motion for Involuntary Dismissal is GRANTED, and the action is hereby dismissed
without prejudice.

3.    The parties have already reached a settlement agreement as it relates to attorneys
fees and costs, and thus the Court will take no action as it relates to that matter.

**DONE AND ORDERED** at QUINCY, GADSDEN COUNTY, FLORIDA this _9TH_
day of _September_ , 20___.

_____
Presiding Judge, Circuit Judge
Francis J. Allman

PAGE 1

16-009405 - EvR

OFFICIAL RECORDS: 2 of 2
Book: 822 Page: 541

SERVICE LIST:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
MAIL@RASFLAW.COM

DAVID H. ABRAMS, ESQ.
ATTORNEY FOR ALVIN BUSH
LAW OFFICE OF DAVID H. ABRAMS  PO BOX 3298
TALLAHASSEE,, FL 32315
PRIMARY EMAIL: DAVID@DHABRAMSLAW.COM

DAVID H. ABRAMS, ESQ.
ATTORNEY FOR NERIA BELL BUSH
LAW OFFICE OF DAVID H. ABRAMS  PO BOX 3298
TALLAHASSEE,, FL 32315
PRIMARY EMAIL: DAVID@DHABRAMSLAW.COM

UNITED STATES OF AMERICA  ON BEHALF OF THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT
C/O UNITED STATES ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF
FLORIDA 111 NORTH ADAMS STREET, 4TH FLOOR
TALLAHASSEE, FL 32301
PRIMARY EMAIL: USAFLN.STATE.COURT@USDOJ.GOV

UNKNOWN TENANT #1 N/K/A EDWARD BUSH
219 BROAD AVENUE
GRETNA, FL 32332

CITY OF GRETNA, FLORIDA
14615 MAIN STREET
GRETNA, FL 32332

16-009405 - EvR

# EXHIBIT C

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR GADSDEN COUNTY, FLORIDA

Case No.: <u>1200195CAA</u>
Division: <u>Civil</u>

REVERSE MORTGAGE SOLUTIONS, INC., a
Corporation

        Plaintiff,

vs.

ALVIN BUSH and NERIA BUSH

        Defendants

_____/

### SATISFACTION OF COSTS AND ATTORNEY FEES

       The Defendants, Alvin and Neria Bush, by and through their undersigned attorney

acknowledge satisfaction of the Defendant's claim against the Plaintiff for costs and attorney's

fees.

       I certify that on June 21, 2016, a copy of this document was e-mailed and
electronically served via the Florida Courts E-Filing Portal to
Reverse Mortgage Solutions, Inc,
c/o: ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
email address mail@rasflaw.com

                       _____

                       David H. Abrams
                       Attorney for Defendants
                       Florida Bar Number: 0692484
                       Law Office of David H. Abrams
                       P.O. Box 3298
                       Tallahassee, FL 32315
                       Telephone: (850) 224-7653
                       Fax: (850) 222 0206
                       E-Mail: david@dhabramslaw.com
                       Secondary E-Mail: barbara@dhabramslaw.com



**RMS** *Reverse Mortgage Solutions, Inc.*
14405 Walters Road, Suite 200.
Houston, TX 77014

# EXHIBIT D

June 6, 2017

**CERTIFIED MAIL CMRRR# 7015 0640 0005 0192 0190**
**RETURN RECEIPT REQUESTED**

ALVIN BUSH & NERIA BUSH
219 BROAD AVENUE
GRETNA, FL 32332

| | |
|---|---|
| Reverse Mortgage Loan Number: | XXXXXX7077 |
| Property Address: | 219 BROAD AVENUE, GRETNA, FL 32332 |
| Loan SKEY: | 15939 |
| Borrower: | ALVIN BUSH & NERIA BUSH |
| Servicer: | Reverse Mortgage Solutions, Inc. |
| Investor (owner of Loan): | Fannie Mae |

Dear ALVIN BUSH & NERIA BUSH:

This letter concerns the above-referenced reverse mortgage loan which is secured by the property identified above ("Property"). **Reverse Mortgage Solutions, Inc.** services the loan account ("Servicer") for the owner of the loan, **Fannie Mae**. In accordance with the terms of the mortgage or deed of trust securing the sums due under the loan ("Security Instrument"), you are hereby notified that the loan is presently in default because you have failed to pay **Insurance**. Amounts have been advanced on your behalf to cover these expenses. However, this failure to fulfill the agreements in your loan documents, including without limitation the note and Security Instrument, is a default of the loan and the loan has been accelerated and is now due and payable.

**PLEASE REVIEW THIS LETTER AND THE ENCLOSED INFORMATION CAREFULLY IF YOU WISH TO AVOID FORECLOSURE OF THE PROPERTY. .**

**LOAN IS DUE AND PAYABLE:** The default has resulted in the loan becoming immediately due and payable. At this time, the fully accelerated loan balance is **$130,438.41.** Please note that this amount is subject to change and you should contact us immediately for a payoff statement by faxing the request to the number provided below. Interest and certain other expenses such as mortgage insurance and servicing fees will continue to accrue on the account. Additionally, please take notice that in pursuing foreclosure, we are entitled to add to the fully accelerated loan balance expenses related to the foreclosure including, but not limited to, reasonable and customary attorney's fees and expenses pursuant to the loan documents and any applicable guidelines of the United States Department of Housing and Urban Development ("HUD").

**RIGHT TO CURE and OPTIONS TO SATISFY THE LOAN:** Within thirty (30) days from the date of this notice, you can cure the default and reinstate your reverse mortgage loan by paying an amount sufficient to correct the default which resulted in your loan coming due and payable. This means you must pay the amount owing related to the Servicer's payment of the property charges. As of this date, that amount is **$6,093.15.** However, please note that this amount may increase because we are required to order an inspection and appraisal, as a result of this loan becoming due and payable. Accordingly, please contact us immediately to ensure you know the correct cure amount prior to sending us certified funds to the address provided herein. Please DO NOT SEND CASH. You can also satisfy the loan and avoid foreclosure of the Property by doing one of the following:



Reverse Mortgage Solutions, Inc.
14405 Walters Road, Suite 200
Houston, TX 77014

June 6, 2017

(1) You may pay the loan balance in full; or
(2) You can sell the Property to a third-party and use the sale proceeds to pay off the loan. The sale can be for the lesser of (i) the full amount of debt owed on the loan (including shared appreciation, if any) or (ii) an amount that is at least 95% of the current appraised value of the property; or
(3) Provide us with a deed in lieu of foreclosure conveying good marketable title.

These options must all be done in accordance with HUD guidelines. **The options are explained in more detail in the enclosed**
HECM Information Sheet.  Whether or not you choose any of these options, HUD guidelines require that we obtain a full appraisal of the Property by a HUD approved appraiser.  You may be contacted by an appraiser used by our appraisal vendor in the coming weeks to attempt to schedule an appointment to visit the Property.

**CREDITOR'S RIGHTS: If the loan is not satisfied pursuant to one of the options set forth herein above under Options to Satisfy the Loan within thirty (30) days from the date of this notice, we will begin the process of foreclosure of the Property.**  Accordingly, it is imperative that you contact us immediately concerning whether and how you will be curing or satisfying the loan. Importantly, once foreclosure proceedings are initiated, you may still be entitled to reinstate the loan, pay off the loan or pursue a foreclosure prevention alternative option and we urge you to review your Security Instrument and contact us concerning your options even after foreclosure has been commenced.

**FORECLOSURE PREVENTION OPTIONS:**  This is a federally insured home equity reverse mortgage ("HECM") sponsored by the Federal Housing Administration ("FHA"). Traditional loan modification options that are used for traditional mortgages are not typically available for reverse mortgages. However, HUD permits Borrowers and the estate of deceased borrowers (or the legal heirs to the borrower's estate) to exercise certain rights. Those rights include permitting us to consider accepting a deed in lieu of foreclosure conveying good and marketable title, which conveyance avoids the foreclosure process. You can also sell the Property to a third party in an approved short sale pursuant to HUD guidelines.  All of these options with instruction are discussed in more detail on the enclosed sheet entitled HECM Information Sheet. If you are interested in pursuing any of these options, you should call us immediately to obtain more information and the necessary documents.  We would also note that this loan has not been declared due and payable as a result of the death of the borrower; however, the HECM Information Sheet includes an explanation of the options that may be available to the estate or heirs of a HECM borrower in the event of that borrower's death.

**Potential Extensions for You and What we need**.  Please note that you may qualify for an initial time extension to satisfy the Loan and avoid initiation of foreclosure proceedings. To determine whether you qualify for this initial extension, we must know your intention with respect to the Property. Accordingly, please contact us and inform us of your intention and fill out and return the Important Notice enclosed herein identifying your intentions for the Property within thirty (30) days from the date of this notice.

**Additional Documents We Need:**  Please help us help you in considering and pursuing your options. It is important that we receive the documents and information requested in the attached HECM Information Sheet. Depending on the option you choose, the documents we need from you may vary. Please contact us with any questions.

**NO PERSONAL LIABILITY:**  This is a non-recourse reverse mortgage loan and you will not be personally liable for the amounts owed.  You will not be pursued for any deficiency after foreclosure or after a short sale done in accordance with HUD guidelines and regulations.



June 6, 2017

RMS *Reverse Mortgage Solutions, Inc.*
14405 Walters Road, Suite 200,
Houston, TX 77014

**Your Obligations**:  Please note that because the reverse mortgage loan is due and payable, there will be no further advances made.  It is your responsibility to maintain the Property and to pay all applicable property charges such as property taxes, homeowner's association dues, homeowner's insurance and/or flood insurance.

**Additional Assistance**.  Additional assistance may be available to you through HUD or HUD approved agencies. For instance, homeownership counseling services are provided by non-profit organizations approved by HUD. You can obtain a list of HUD approved counseling agencies in your area by contacting HUD as follows:

**HUD-Approved Housing Counselling**
**1-800-569-4287**
**451 7th Street SW**
**Washington DC 20410**
**http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm**

**What you may request**.  You should contact us with any questions you may have about the Loan, the balance owing and the foreclosure alternative options.  You are entitled to a copy of the loan documents (such as the note, Security Instrument and the assignment) and the loan history.  The investor which owns the loan is referenced at the top of this letter.

**Special Notice Regarding Servicemembers Civil Relief Act**.  If you are a servicemember or a dependent of a servicemember, you may be entitled to certain protections under the federal Servicemembers Civil Relief Act, 50 U.S.C. Appx. §§501 *et seq.*, regarding the servicemember's interest rate and the risk of foreclosure, and counseling for covered servicemembers that is available from Military OneSource and the United States Armed Forces Legal Assistance or any other similar agency. Military OneSource can be contacted at www.militaryonesource.com, (800) 342-9647.

**CONTACT YOUR SERVICER:** We want to assure you that we are available to help you through this process. We will be attempting to contact you by telephone throughout this process to learn the current status of your efforts to satisfy the Loan.  Please feel free to contact us with any questions or concerns about the Loan, the balance outstanding or any of your options at **1-866-799-7724** and choose option "1" during regular business hours Monday through Friday from 8:00 a.m. to 5:00 p.m. (Central). The representative assigned to this loan is **Ana Cable**.

We urge you to call us immediately to discuss the most current balance and your available options.

Sincerely,

**Ana Cable**
**Reverse Mortgage Solutions Inc.**
**1-866-799-7724**

If you only signed the mortgage, did not sign the note and are not an obligor on this loan, this notice is for informational purposes only and is not an attempt to collect a debt.

**This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose. However, if you are in bankruptcy or obtained a discharge in bankruptcy, this communication is being sent for informational purposes. The servicer is not attempting to collect a debt from you personally but is complying with statutory/legal notice requirements to enforce the lien against the property.**

## HOME EQUITY CONVERSION MORTGAGE ("HECM") INFORMATION SHEET
## PLEASE READ THIS INFORMATION CAEFULLY TO LEARN ABOUT AVAILABLE OPTIONS TO AVOID FORECLOSURE OF A DUE AND PAYABLE LOAN

**Please be advised that this is a non-recourse reverse mortgage loan and you will not be personally liable for the amounts owed. You will not be pursued for any deficiency after foreclosure or after 95% payoffs or short sales that are completed in accordance with HUD guidelines and regulations completion of an approved foreclosure prevention alternative. The options that MAY be available for a due and payable reverse mortgage loan are as follows:**

**1. Payoff Loan:** The reverse mortgage loan can be paid off by paying the full amount of the debt owed on the loan via wire transfer or certified funds (cashier's check or money order). Please do not send cash. A payoff statement may be obtained by faxing a request from the borrower or authorized person on the loan to the following: 1-866-790-3451. You can call to discuss this option and receive further instructions.

**2. 95% Payoff Option Available for Legally Authorized Estate Representative/Heirs:** This option is only available when the last borrower on the reverse mortgage loan is deceased. When a HECM loan becomes due and payable as a result of the borrower's death and the property is conveyed by will or operation of law to the borrower's estate or heirs (including a surviving spouse who is not obligated on the HECM note) that party (or parties if multiple heirs) may satisfy the HECM debt by paying the lesser of (1) the full amount of the debt owed on the loan or (2) 95% of the current appraised value of the property. We must be informed immediately of the authorized person's intent to pursue this option, and we must be provided all necessary documents. The servicer will order an appraisal of the property by a HUD approved appraiser to determine the current appraised value. It is important that we be provided the contact information (name and telephone number) of someone who will grant an appraiser access to the property so that the required interior appraisal can be conducted. Please note that if you are using a lender to finance the amounts necessary to pay off the loan, they may have additional requirements.

**IMPORTANT:** Pursuant to HUD guidance, the 95% Payoff option is only available when there is a **post-death** conveyance. This means that if a person owned the property prior to the borrower's death (for instance, if their name was on the deed or title to the property prior to the time the borrower died), they likely will not qualify for this option. Accordingly, a title report must be ordered by the servicer to verify ownership interests in the property before a 95% Payoff can be finally approved and completed.

**3. Third-Party Sale of the Property (Including Third-Party Short Sale):** The reverse mortgage loan can be satisfied by selling the property to a third-party buyer and using the sale proceeds to pay off the loan. The property can be sold for the lesser of (1) the full amount of debt owed on the loan or (2) an amount that is at least 95% of the current appraised value of the property. The servicer will order an appraisal of the property by a HUD approved appraiser to determine the current appraised value. It is important that we be provided the contact information (name and telephone number) of someone who will grant an appraiser access to the property so that the required interior appraisal can be conducted. We must be contacted immediately and informed of the intent to pursue this option because the time to sell the property is not unlimited. Some extensions of time to complete the sale may be available but are subject to HUD approval and dependent on obtaining information from the seller on the progress. A short sale package will have to be completed and approved.

**4. Enter into a Deed-in-Lieu of Foreclosure**: We may be able to accept a deed in lieu of foreclosure, which avoids the foreclosure process by permitting the property to be deeded to the mortgagee. The process takes approximately 120 days to complete. During this period, the borrower or their estate will be responsible for maintaining the property, paying property charges such as taxes and homeowner's association dues and continuing the hazard and/or flood insurance. If interested in this option, you should (1) fill out and sign the Important Notice and check the box for deed in lieu of foreclosure or (2) prepare a written request to enter into a deed in lieu of foreclosure and return either the executed Important Notice or your written request to your servicer as follows (1) if by mail, send to 14405 Walters Road, Suite 200, Houston, TX 77014 (a self-addressed envelope is enclosed herein for your convenience) or (2) if by fax, then fax to 1-866-790-3451. Please note that to complete a deed in lieu transaction: (1) all parties with an interest in the property may need to execute the deed in lieu or other documents, (2) good marketable title must be conveyed and (3) the property must be vacant and cleared of all personal items, trash and debris. Making the request does not guaranty the completion of a deed-in-lieu. It will be necessary to execute additional documentation.

**5. Non-Borrowing Spouse:** Lenders have been provided a possible option of assigning loans to HUD when the borrower is deceased and there is a surviving spouse that did not sign the note, but only when the loan and the surviving non-borrowing spouse meet all of the eligibility criteria and requirements as outlined by HUD. Please note that this option will require additional documentation, payment of outstanding property charges (such as taxes and insurance) and may require the payment of an amount to reduce the loan balance. Please contact us for more information.

**6. Cure the Default that Caused the Loan to Become Due and Payable:** If the loan has become due and payable for reasons other than death (such as failure to pay property taxes or insurance or failure to occupy the property as a primary residence), then you may be able to cure the default by taking actions to correct the default that resulted in the loan becoming due and payable. Please call immediately to discuss your options.

**7. Walk Away:** There is always the option of walking away and permitting the lender to foreclose. This is a non-recourse reverse mortgage loan and the borrower, the borrower's estate and borrower's heirs will not be pursued for a deficiency judgment after a foreclosure. Please note that HUD and the reverse mortgage loan servicers intend for foreclosure to be the last possible alternative.

**8. Appraisal Vendors:** HUD requires that an appraisal of the property be performed by a HUD approved appraiser. You may be contacted by an appraiser used by our appraisal vendor in the coming weeks to attempt to schedule an appointment to visit the property.

**9. Deceased Borrower:** If the borrower is deceased and you are responding as a legal representative of the estate or on behalf of the legal representative of the estate, please note that we will need the following:
(1) Copy of death certificate;
(2) Legal documentation that provides the identity and legal interest of the successor in interest to the property (e.g., probated will, letter of testamentary, letter or order from the probate court or other legal documentation naming an executor/executrix, administrator or personal representative);
(3) No Probate Required: if the estate does not require probate, provide a court order or an affidavit of heirship which provides the identity and legal interest of the successor in interest to the property (note that, if the laws in your state provide for a different form to accomplish this objective, we will accept such form);

(4) If someone other than the appointed representative will be discussing the loan, please also provide written authorization from any executor/executrix, administrator or personal representative authorizing the release of information on the loan that person.

**10. Additional Required Information:** We will need the following:

(1) Fill out and return the enclosed form called "Important Notice" and inform us of the intentions with respect to the property;

(2) Contact information (name and telephone number) of someone who can grant access to the property so that the required appraisal can be conducted;

(3) If the borrower or legally authorized person is planning on paying off the loan, provide proof of funds or a copy of the loan approval letter from the lender;

(4) If the borrower or legally authorized person is selling the property, a of copy of the listing agreement;

(5) If the borrower or legally authorized person is listing the property without a realtor, provide proof of the attempts to sell the property (an example would be the listing of the property on the Multiple Listing Service or MLS);

(6) When an offer is accepted, a copy of the sales contact should be provided.

**You can contact the Single Point of Contact (SPOC) assigned to assist you through this process by your servicer by calling the number provided in the letter accompanying this Information Sheet.**

**The reverse mortgage that is the subject of this communication is a non-recourse loan. This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose. HOWEVER, IF YOU ARE IN BANKRUPTCY OR OBTAINED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS INTENDED SOLELY FOR INFORMATIONAL PURPOSES.**



**RMS**
*Reverse Mortgage Solutions, Inc.*

14405 Walters Road, Suite 200
Houston, TX 77014

# IMPORTANT NOTICE

6/6/2017

**Loan Number: XXXXX7077**

**SKEY: 15939**

Property Address: **219 BROAD AVENUE, GRETNA, FL 32332**

We want to ensure that we properly identify your intentions concerning the property identified above property so that we may potentially provide you with the maximum amount of time that may be allowed before we commence foreclosure. Therefore, we are requesting that you complete this form, sign and date it, and include your phone number and email address at the bottom and return this Important Notice to **Reverse Mortgage Servicing Center by faxing to (866)790-3451 or mailing it to 14405 Walters Road, Suite 200 Houston, TX 77014**
A self-addressed envelope is enclosed herein for your convenience.

| | **Description of Intentions** (please select all that apply) |
|---|---|
| ☐ | <u>Payoff Option.</u> I intend on paying off the loan with cash or funds obtained from financing. |
| ☐ | <u>95% Payoff Option.</u> I intend on exercising the 95% Payoff option (applicable to the borrower's estate or heirs after borrower's death).<br>☐ Intend to pay with cash<br>☐ Intend to obtain financing |
| ☐ | <u>Third-Party Sale or Third-Party Short Sale.</u> I intend to list, or have listed, the property for sale in order to pay off the loan with the sale proceeds. |
| ☐ | <u>Deed in Lieu Foreclosure Option.</u> I intend on requesting a deed in lieu of foreclosure. I would like to begin the process of entering into a deed in lieu. |
| ☐ | <u>Walk Away.</u> I intend to walk away and take no action on the property. |
| ☐ | Other (including curing the existing default). Please explain in writing below or attach an explanation. |

**By signing below you are <u>not</u> agreeing or obligating yourself to take or not take the actions indicated above.**
**Signature (s):**

_____

Borrower or Estate Representative (print and sign)                    Date

Phone Number and email address:_____

_____

Borrower or Estate Representative (print and sign)                    Date

Phone Number and email address: _____



**Reverse Mortgage Solutions, Inc.**
**Loan Balance History**
User: BasithKhan.Ahmed  Run Time: 1/25/2018 8:59:49 AM
Case 4:18-cv-00156-MW-CAS   Document 1   Filed 03/21/18   Page 49 of 56
Loan Skey: 15939 Good Through Date: 1/25/2018 12:00:00 AM

# EXHIBIT E

**Report Description:** Displays all the transactions for the selected loan

Loan Skey: 15939
Borrowers Last Name: BUSH
Loan Number: 3000017077

Propery Address: 219 BROAD AVENUE, GRETNA, FL, 32332
Investor Name: Fannie Mae
FHA Case Number: 091-4328446

| Transaction Date | Transaction Description | Principal Amount | Interest | MIP | Service Fee Amount | Corporate Advance Amount | Totals: |
|---|---|---|---|---|---|---|---|
| 1/22/2018 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 12/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $204.49 | $41.03 | $25.00 | $0.00 | $270.52 |
| 12/20/2017 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $250.00 | $250.00 |
| 12/20/2017 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $250.00 | $250.00 |
| 12/20/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $300.00 | $300.00 |
| 12/20/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $1,219.47 | $1,219.47 |
| 12/18/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 11/30/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $203.11 | $40.92 | $25.00 | $0.00 | $269.03 |
| 11/24/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 11/16/2017 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $449.07 | $449.07 |
| 10/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $202.88 | $40.80 | $25.00 | $0.00 | $268.68 |
| 10/23/2017 | Corp Adv - Prop Preserve - Other | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/23/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 9/30/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $202.00 | $40.69 | $25.00 | $0.00 | $267.69 |
| 9/21/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 9/11/2017 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $1,400.00 | $1,400.00 |
| 9/11/2017 | Corp Adv - S307 - Recording Fees | $0.00 | $0.00 | $0.00 | $0.00 | $11.00 | $11.00 |
| 9/11/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9/11/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $938.46 | $938.46 |
| 9/11/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $40.00 | $40.00 |
| 9/11/2017 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $200.00 | $200.00 |
| 8/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $200.48 | $40.58 | $25.00 | $0.00 | $266.06 |
| 8/24/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 7/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $185.79 | $40.48 | $25.00 | $0.00 | $251.27 |
| 7/27/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 7/13/2017 | Corp Adv - S305 - Hazard Insurance Repay | $0.00 | $0.00 | $0.00 | $0.00 | ($2,128.35) | ($2,128.35) |
| 6/30/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $181.28 | $40.37 | $25.00 | $0.00 | $246.65 |
| 6/29/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 6/20/2017 | Corp Adv - S305 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6/15/2017 | Corp Adv - S305 - Hazard Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $2,128.35 | $2,128.35 |
| 6/7/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 5/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $179.86 | $40.27 | $25.00 | $0.00 | $245.13 |
| 5/8/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | $20.00 |
| 4/30/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $163.20 | $40.18 | $25.00 | $0.00 | $228.38 |


**Report Description:** Displays all the transactions for the selected loan

Loan Skey: 15939
Borrowers Last Name: BUSH
Loan Number: 3000017077

Propery Address: 219 BROAD AVENUE, GRETNA, FL, 32332
Investor Name: Fannie Mae
FHA Case Number: 091-4328446

| Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| 4/10/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 3/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $162.58 | $40.08 | $25.00 | $0.00 | **$227.66** |
| 3/13/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 2/28/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $160.83 | $39.99 | $25.00 | $0.00 | **$225.82** |
| 2/9/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/31/2017 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $148.11 | $39.90 | $25.00 | $0.00 | **$213.01** |
| 1/11/2017 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 12/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $141.98 | $39.81 | $25.00 | $0.00 | **$206.79** |
| 12/15/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 12/14/2016 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $481.80 | **$481.80** |
| 11/30/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $140.80 | $39.73 | $25.00 | $0.00 | **$205.53** |
| 11/17/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $140.65 | $39.64 | $25.00 | $0.00 | **$205.29** |
| 10/20/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/12/2016 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $200.00 | **$200.00** |
| 10/12/2016 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $464.10 | **$464.10** |
| 10/12/2016 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $110.00 | **$110.00** |
| 9/30/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $138.14 | $39.56 | $25.00 | $0.00 | **$202.70** |
| 9/26/2016 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $12,500.00 | **$12,500.00** |
| 9/23/2016 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $350.00 | **$350.00** |
| 9/23/2016 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $175.00 | **$175.00** |
| 9/23/2016 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $1,750.00 | **$1,750.00** |
| 9/21/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 8/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $134.14 | $39.48 | $25.00 | $0.00 | **$198.62** |
| 8/18/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 8/5/2016 | Corp Adv - S305 - Hazard Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $2,082.46 | **$2,082.46** |
| 7/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $134.49 | $39.39 | $25.00 | $0.00 | **$198.88** |
| 7/25/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 6/30/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $132.55 | $39.31 | $25.00 | $0.00 | **$196.86** |
| 6/23/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 6/2/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 5/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $132.20 | $39.23 | $25.00 | $0.00 | **$196.43** |
| 5/12/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $107.50 | **$107.50** |
| 5/12/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $215.00 | **$215.00** |
| 5/12/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $430.00 | **$430.00** |
| 5/12/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $215.00 | **$215.00** |



**Reverse Mortgage Solutions, Inc.**
**Loan Balance History**

User: BasithKhan.Ahmed  Run Time: 1/25/2018 8:59:49 AM
Case 4:18-cv-00156-MW-CAS  Document 1  Filed 03/21/18  Page 51 of 56
Loan Skey: 15939 Good Through Date: 1/25/2018 12:00:00 AM

**Report Description:** Displays all the transactions for the selected loan

Loan Skey: 15939
Borrowers Last Name: BUSH
Loan Number: 3000017077

Propery Address: 219 BROAD AVENUE, GRETNA, FL, 32332
Investor Name: Fannie Mae
FHA Case Number: 091-4328446

| Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| 5/12/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $107.50 | **$107.50** |
| 5/11/2016 | Corp Adv - S409 - Appraisal Fees | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 5/5/2016 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 5/5/2016 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $175.00 | **$175.00** |
| 5/5/2016 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $300.00 | **$300.00** |
| 5/5/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 4/30/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $132.24 | $39.15 | $25.00 | $0.00 | **$196.39** |
| 3/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $130.95 | $39.07 | $25.00 | $0.00 | **$195.02** |
| 3/9/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 2/29/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $130.36 | $38.98 | $25.00 | $0.00 | **$194.34** |
| 2/10/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/31/2016 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $116.26 | $38.91 | $25.00 | $0.00 | **$180.17** |
| 1/14/2016 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 12/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $112.16 | $38.84 | $25.00 | $0.00 | **$176.00** |
| 12/24/2015 | Corp Adv - S409 - Appraisal Fees | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 12/9/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 11/30/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $111.95 | $38.76 | $25.00 | $0.00 | **$175.71** |
| 11/19/2015 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $480.53 | **$480.53** |
| 11/11/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $112.12 | $38.69 | $25.00 | $0.00 | **$175.81** |
| 10/12/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/30/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $111.14 | $38.62 | $25.00 | $0.00 | **$174.76** |
| 9/28/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $175.00 | **$175.00** |
| 9/22/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $300.00 | **$300.00** |
| 9/15/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/4/2015 | Corp Adv - S409 - Appraisal Fees | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 8/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.78 | $38.54 | $25.00 | $0.00 | **$174.32** |
| 8/18/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 8/5/2015 | Corp Adv - S305 - Taxes Repay | $0.00 | $0.00 | $0.00 | $0.00 | ($1,248.41) | **($1,248.41)** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $175.00 | **$175.00** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $525.00 | **$525.00** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $350.00 | **$350.00** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $350.00 | **$350.00** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $175.00 | **$175.00** |
| 7/31/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $350.00 | **$350.00** |
| 7/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.34 | $38.47 | $25.00 | $0.00 | **$173.81** |


**Report Description:** Displays all the transactions for the selected loan

**Loan Skey:** 15939
**Borrowers Last Name:** BUSH
**Loan Number:** 3000017077

**Propery Address:** 219 BROAD AVENUE, GRETNA, FL, 32332
**Investor Name:** Fannie Mae
**FHA Case Number:** 091-4328446

| Date | Description | | | | | | |
|------|-------------|---|---|---|---|---|---|
| 7/21/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 7/16/2015 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $350.00 | **$350.00** |
| 7/16/2015 | Corp Adv - S306 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $300.00 | **$300.00** |
| 7/16/2015 | Corp Adv - S307 - Other | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 6/30/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $109.98 | $38.40 | $25.00 | $0.00 | **$173.38** |
| 6/23/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 6/19/2015 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $593.10 | **$593.10** |
| 5/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $109.46 | $38.33 | $25.00 | $0.00 | **$172.79** |
| 5/22/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 5/1/2015 | Corp Adv - S409 - Appraisal Fees | $0.00 | $0.00 | $0.00 | $0.00 | $440.00 | **$440.00** |
| 4/30/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $108.88 | $38.26 | $25.00 | $0.00 | **$172.14** |
| 4/24/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 3/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $108.29 | $38.18 | $25.00 | $0.00 | **$171.47** |
| 3/24/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 3/5/2015 | Corp Adv - S305 - Hazard Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $2,190.74 | **$2,190.74** |
| 2/28/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $108.16 | $38.11 | $25.00 | $0.00 | **$171.27** |
| 2/24/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/31/2015 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.82 | $38.04 | $25.00 | $0.00 | **$169.86** |
| 1/27/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/5/2015 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 12/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.47 | $37.97 | $25.00 | $0.00 | **$169.44** |
| 12/5/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 11/30/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.43 | $37.90 | $25.00 | $0.00 | **$169.33** |
| 11/4/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.30 | $37.83 | $25.00 | $0.00 | **$169.13** |
| 10/3/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/30/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.18 | $37.76 | $25.00 | $0.00 | **$168.94** |
| 9/9/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 8/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.68 | $37.69 | $25.00 | $0.00 | **$168.37** |
| 8/8/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 7/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.41 | $37.62 | $25.00 | $0.00 | **$168.03** |
| 7/16/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 7/7/2014 | Corp Adv - S305 - Hazard Insurance Repay | $0.00 | $0.00 | $0.00 | $0.00 | ($603.50) | **($603.50)** |
| 7/7/2014 | Corp Adv - S305 - Taxes Repay | $0.00 | $0.00 | $0.00 | $0.00 | ($1,107.96) | **($1,107.96)** |
| 6/30/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.29 | $37.55 | $25.00 | $0.00 | **$167.84** |
| 6/26/2014 | Corp Adv - S305 - Hazard Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $2,116.43 | **$2,116.43** |


**Report Description:** Displays all the transactions for the selected loan

**Loan Skey:** 15939                                        **Propery Address:** 219 BROAD AVENUE, GRETNA, FL, 32332
**Borrowers Last Name:** BUSH                        **Investor Name:** Fannie Mae
**Loan Number:** 3000017077                        **FHA Case Number:** 091-4328446

| Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/10/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 5/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.09 | $37.48 | $25.00 | $0.00 | **$167.57** |
| 5/14/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 5/9/2014 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $513.53 | **$513.53** |
| 4/30/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.20 | $37.41 | $25.00 | $0.00 | **$167.61** |
| 4/14/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 3/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.37 | $37.34 | $25.00 | $0.00 | **$167.71** |
| 3/17/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 2/28/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.77 | $37.27 | $25.00 | $0.00 | **$168.04** |
| 2/20/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 2/3/2014 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/31/2014 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.50 | $37.20 | $25.00 | $0.00 | **$167.70** |
| 12/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.38 | $37.13 | $25.00 | $0.00 | **$167.51** |
| 12/30/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 11/30/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $105.99 | $37.06 | $25.00 | $0.00 | **$168.05** |
| 11/26/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.09 | $36.99 | $25.00 | $0.00 | **$168.08** |
| 10/22/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/30/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.04 | $36.92 | $25.00 | $0.00 | **$167.96** |
| 9/20/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/3/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 8/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.50 | $36.85 | $25.00 | $0.00 | **$168.35** |
| 7/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.15 | $36.78 | $25.00 | $0.00 | **$167.93** |
| 7/19/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 7/10/2013 | Corp Adv - S305 - Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $594.43 | **$594.43** |
| 6/30/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.31 | $36.71 | $25.00 | $0.00 | **$168.02** |
| 6/13/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 5/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.43 | $37.98 | $25.00 | $0.00 | **$173.41** |
| 5/31/2013 | Part Repay - Prop Chrg Pre D&P | $0.00 | $0.00 | ($3,428.46) | $0.00 | $0.00 | **($3,428.46)** |
| 5/15/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 4/30/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.41 | $37.99 | $25.00 | $0.00 | **$173.40** |
| 4/17/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 4/1/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 3/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.28 | $37.92 | $25.00 | $0.00 | **$173.20** |
| 3/19/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 2/28/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.52 | $37.85 | $25.00 | $0.00 | **$173.37** |



**Reverse Mortgage Solutions, Inc.**
**Loan Balance History**

User: BasithKhan.Ahmed  **Run Time:** 1/25/2018 8:59:49 AM
Case 4:18-cv-00156-MW-CAS   Document 1   Filed 03/21/18   Page 54 of 56
**Loan Skey:** 15939 **Good Through Date:** 1/25/2018 12:00:00 AM

**Report Description:** Displays all the transactions for the selected loan

**Loan Skey:** 15939
**Borrowers Last Name:** BUSH
**Loan Number:** 3000017077

**Propery Address:** 219 BROAD AVENUE, GRETNA, FL, 32332
**Investor Name:** Fannie Mae
**FHA Case Number:** 091-4328446

| Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|
| 2/20/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/31/2013 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.24 | $37.78 | $25.00 | $0.00 | **$173.02** |
| 1/18/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/18/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/17/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 1/17/2013 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 12/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.25 | $37.71 | $25.00 | $0.00 | **$172.96** |
| 11/30/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.19 | $37.63 | $25.00 | $0.00 | **$172.82** |
| 10/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $111.56 | $37.56 | $25.00 | $0.00 | **$174.12** |
| 10/11/2012 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/11/2012 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 10/9/2012 | Corp Adv - Prop Preserve - Prop Inspect | $0.00 | $0.00 | $0.00 | $0.00 | $20.00 | **$20.00** |
| 9/30/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $112.17 | $37.49 | $25.00 | $0.00 | **$174.66** |
| 9/17/2012 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $875.00 | **$875.00** |
| 8/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $111.95 | $37.42 | $25.00 | $0.00 | **$174.37** |
| 7/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.60 | $37.13 | $25.00 | $0.00 | **$172.73** |
| 7/24/2012 | Disb - Prop Chrg Pre D&P - Taxes | $649.29 | $0.00 | $0.00 | $0.00 | $0.00 | **$649.29** |
| 6/30/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.19 | $37.00 | $25.00 | $0.00 | **$172.19** |
| 6/8/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 5/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.10 | $36.92 | $25.00 | $0.00 | **$172.02** |
| 5/4/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 4/30/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.04 | $36.83 | $25.00 | $0.00 | **$171.87** |
| 4/24/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 4/20/2012 | Disb - Prop Chrg Pre D&P - Appraisal | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 4/4/2012 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $1,650.00 | **$1,650.00** |
| 3/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $111.70 | $36.74 | $25.00 | $0.00 | **$173.44** |
| 3/23/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 3/16/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 2/29/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $113.22 | $36.66 | $25.00 | $0.00 | **$174.88** |
| 1/31/2012 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $110.43 | $36.59 | $25.00 | $0.00 | **$172.02** |
| 1/26/2012 | Corp Adv - S306 - Attorney Fees | $0.00 | $0.00 | $0.00 | $0.00 | $823.00 | **$823.00** |
| 1/9/2012 | Disb - Prop Chrg Pre D&P - Inspection | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$20.00** |
| 12/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $109.00 | $36.43 | $25.00 | $0.00 | **$170.43** |
| 12/15/2011 | Disb - Prop Chrg Pre D&P - Appraisal | $425.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$425.00** |
| 11/30/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.58 | $35.86 | $25.00 | $0.00 | **$167.44** |
| 11/21/2011 | Disb - Prop Chrg Pre D&P - Taxes | $1,370.56 | $0.00 | $0.00 | $0.00 | $0.00 | **$1,370.56** |



**Report Description:** Displays all the transactions for the selected loan

**Loan Skey:** 15939
**Borrowers Last Name:** BUSH
**Loan Number:** 3000017077

**Propery Address:** 219 BROAD AVENUE, GRETNA, FL, 32332
**Investor Name:** Fannie Mae
**FHA Case Number:** 091-4328446

| Date | Description | | | | | |
|---|---|---|---|---|---|---|
| 10/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $104.81 | $35.63 | $25.00 | $0.00 | **$165.44** |
| 9/30/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $102.48 | $35.56 | $25.00 | $0.00 | **$163.04** |
| 8/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $101.94 | $35.49 | $25.00 | $0.00 | **$162.43** |
| 8/3/2011 | Part Repay - Prop Chrg Pre D&P | $0.00 | $0.00 | ($240.00) | $0.00 | $0.00 | **($240.00)** |
| 7/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $102.37 | $35.52 | $25.00 | $0.00 | **$162.89** |
| 6/30/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $103.52 | $35.45 | $25.00 | $0.00 | **$163.97** |
| 5/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.01 | $35.38 | $25.00 | $0.00 | **$166.39** |
| 4/30/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $103.95 | $34.40 | $25.00 | $0.00 | **$163.35** |
| 4/22/2011 | Disb - Prop Chrg Pre D&P - Hazard Ins | $2,989.94 | $0.00 | $0.00 | $0.00 | $0.00 | **$2,989.94** |
| 3/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $102.69 | $34.00 | $25.00 | $0.00 | **$161.69** |
| 2/28/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $102.55 | $33.94 | $25.00 | $0.00 | **$161.49** |
| 1/31/2011 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $99.97 | $33.19 | $25.00 | $0.00 | **$158.16** |
| 1/21/2011 | Disb - Prop Chrg Pre D&P - Hazard Ins | $2,426.57 | $0.00 | $0.00 | $0.00 | $0.00 | **$2,426.57** |
| 12/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $98.64 | $32.79 | $25.00 | $0.00 | **$156.43** |
| 11/30/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $98.58 | $32.73 | $25.00 | $0.00 | **$156.31** |
| 10/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $98.58 | $32.66 | $25.00 | $0.00 | **$156.24** |
| 9/30/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $101.38 | $32.60 | $25.00 | $0.00 | **$158.98** |
| 8/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $103.90 | $32.53 | $25.00 | $0.00 | **$161.43** |
| 7/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $103.95 | $32.46 | $25.00 | $0.00 | **$161.41** |
| 6/30/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $98.10 | $32.40 | $25.00 | $0.00 | **$155.50** |
| 5/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $96.81 | $32.33 | $25.00 | $0.00 | **$154.14** |
| 4/30/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.45 | $32.27 | $25.00 | $0.00 | **$152.72** |
| 3/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.40 | $32.21 | $25.00 | $0.00 | **$152.61** |
| 2/28/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.21 | $32.14 | $25.00 | $0.00 | **$152.35** |
| 1/31/2010 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.28 | $32.08 | $25.00 | $0.00 | **$152.36** |
| 12/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.66 | $32.02 | $25.00 | $0.00 | **$152.68** |
| 11/30/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $95.60 | $31.95 | $25.00 | $0.00 | **$152.55** |
| 10/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $96.24 | $31.89 | $25.00 | $0.00 | **$153.13** |
| 9/30/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $97.70 | $31.82 | $25.00 | $0.00 | **$154.52** |
| 9/30/2009 | Auto-Adjust Int Mip SF | $0.00 | $24.90 | $0.08 | $0.00 | $0.00 | **$24.98** |
| 8/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $96.50 | $30.93 | $25.00 | $0.00 | **$152.43** |
| 8/18/2009 | Disb - Convert PC Haz Ins to LOC | $192.35 | $0.00 | $0.00 | $0.00 | $0.00 | **$192.35** |
| 8/18/2009 | Disb - Prop Chrg Pre D&P - Hazard Ins | $3,236.11 | $0.00 | $0.00 | $0.00 | $0.00 | **$3,236.11** |
| 7/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $94.77 | $30.26 | $25.00 | $0.00 | **$150.03** |
| 6/30/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $101.75 | $30.19 | $25.00 | $0.00 | **$156.94** |
| 5/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $106.53 | $30.13 | $25.00 | $0.00 | **$161.66** |



**Report Description:** Displays all the transactions for the selected loan

**Loan Skey:** 15939
**Borrowers Last Name:** BUSH
**Loan Number:** 3000017077

**Propery Address:** 219 BROAD AVENUE, GRETNA, FL, 32332
**Investor Name:** Fannie Mae
**FHA Case Number:** 091-4328446

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4/30/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $104.97 | $30.06 | $25.00 | $0.00 | **$160.03** |
| 3/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $99.05 | $30.00 | $25.00 | $0.00 | **$154.05** |
| 2/28/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $101.64 | $29.93 | $25.00 | $0.00 | **$156.57** |
| 1/31/2009 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $187.92 | $29.83 | $25.00 | $0.00 | **$242.75** |
| 12/31/2008 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $243.58 | $29.70 | $25.00 | $0.00 | **$298.28** |
| 11/30/2008 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $262.61 | $29.57 | $25.00 | $0.00 | **$317.18** |
| 10/31/2008 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $261.44 | $29.44 | $25.00 | $0.00 | **$315.88** |
| 9/30/2008 | Loan Setup - Advances (Principal) | $68,433.79 | $0.00 | $0.00 | $0.00 | $0.00 | **$68,433.79** |
| 9/30/2008 | Loan Setup - Init Fee (MIP/PMI) | $0.00 | $0.00 | $2,200.00 | $0.00 | $0.00 | **$2,200.00** |
| 9/30/2008 | Monthly Int, MIP/PMI Accrual & SF | $0.00 | $0.00 | $0.00 | $25.00 | $0.00 | **$25.00** |
| **Totals:** | | **$79,863.61** | **$13,512.89** | **$2,562.84** | **$2,800.00** | **$38,688.25** | **$137,427.59** |